CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/19/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ACA FINANCIAL GUARANTY CORPORATION
AND UMB BANK, N.A.,

    *Plaintiffs*,

v.

CITY OF BUENA VISTA, VIRGINIA, *ET AL*.,

    *Defendants*.

CASE NO. 6:17–cv–00013

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    The plaintiffs in this case, a bank and a bond insurer, assert an enforceable obligation either in contract or tort against the defendants to receive repayment stemming from the refinancing of a municipal golf course. Before the Court is a Rule 12(b)(7) motion to dismiss for failure to join a necessary party. The motion relates to two deeds of trust executed in favor of plaintiff UMB Bank's predecessor. The deeds of trust pledged real estate as collateral in the event that the defendants (the City of Buena Vista, Virginia and its recreational authority) did not repay the bank. Defendants contend that the Trustees to the deeds are necessary parties whose presence is mandatory but would destroy the diversity jurisdiction of the Court.

    To prevail, Defendants must show that: first, the Trustees are necessary parties under Rule 19(a); second, their addition to the case would destroy complete diversity of citizenship; and third, the case cannot fairly proceed without the Trustees, per Rule 19(b).[1] The motion fails at the second step. The Trustees (who are Virginia citizens) should be added to this case as defendants. This leaves them on the same side of the case as the original Virginia defendants. Complete diversity is therefore preserved, and Defendants' Rule 12(b)(7) motion will be denied.

---

[1] *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999); 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1359 (3d ed.) (quoting *Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011)).

This Court, in looking to Virginia law, previously held that the Trustees are necessary parties who "must," in the parlance of Rule 19(a), be joined. Dkt. 29, *available at* 2017 WL 3431592 (W.D. Va. Aug. 9, 2017); *see Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 (4th Cir. 1992) (holding that while federal standards ultimately govern, a "federal court must look to the state-law relationships between the parties when determining which parties are, as a practical matter, necessary for a just adjudication of the case."). The next inquiry for Rule 12(b)(7) purposes, then, was whether adding the Trustees would jeopardize jurisdiction. The Court, however, previously lacked sufficient information to ascertain the Trustees' citizenship, so it ordered supplemental briefing on that and other issues bearing on the Rule 12(b)(7) motion. (Dkt. 30).

The parties now agree that the Trustees are Virginians. (Dkt. 36 at 2; dkt. 37 at 1–2). So the question presented is: Should they be aligned as plaintiffs or defendants? Because Defendants are citizens of Virginia, *see* Complaint ¶¶ 3–4, aligning the Trustees as plaintiffs would destroy complete diversity and require a Rule 19(b) analysis to see if the case could proceed without them. On the other hand, if the Trustees are aligned as defendants, complete diversity remains (because Plaintiffs are citizens of Maryland, New York, and Missouri[2]), an indispensability analysis is unnecessary, and Defendants' motion to dismiss would fail.[3]

---

[2]   Plaintiff ACA is a corporation incorporated in Maryland with its principle place of business in New York. (Complaint ¶ 1). Plaintiff UMB Bank is a national banking association who "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). It is "headquartered" in Missouri with its principal place of business there as well. (Complaint ¶ 2).

[3]   *See Jordan v. Washington Mut. Bank*, 211 F. Supp. 2d 670, 675 (D. Md. 2002) (holding "dismissal is appropriate only when necessary parties should be joined *and their joinder would deprive the Court of jurisdiction*"); *CSX Transp., Inc. v. Forst*, 777 F. Supp. 435, 444 (E.D. Va. 1991) (finding dismissal inappropriate where addition of necessary party "would not deprive this Court of jurisdiction").

When deciding how to align parties, the Fourth Circuit uses the "principal purpose test," which entails two steps. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995); *see City of Indianapolis v. Chase Nat. Bank*, 314 U.S. 63, 69–70 (1941). "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *A & S Mfg.*, 48 F.3d at 133.

The Fourth Circuit has not provided an expansive explanation of how to identify a case's "primary issue." Nonetheless, the "primary issue" inquiry is seen as a top-level summary of the claims rather than a discrete, narrow legal issue presented by the case. This point is best shown by considering how other courts have framed the matter.

- In a debt collection lawsuit by a phone company against a telephone customer, the plaintiff's primary purpose "was to collect [the customer's] debt." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008).

- In a declaratory judgment action by an insurer against the insured and other insurers to determine which policies provided coverage for environmental liability, the Fourth Circuit concluded that the primary issue was whether the insurers owed the insured a duty to defend and a duty to indemnify. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 134 (4th Cir. 1995); *see Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011) (same).

- In a shareholder declaratory judgment derivative action to gain control of the company, the primary issue was whether the individual defendant "is a shareholder and/or has an interest" in the company. *Gressette v. Sunset Grille, Inc.*, 447 F. Supp. 2d 533, 536–37 (D.S.C. 2006).

- In a case filed to confirm an arbitration award terminating a sports ownership group from control over a team, the primary issue was "whether to confirm an arbitration award that terminated [defendant's] leave" from the league. *Canadian Am. Ass'n of Prof'l Baseball, Ltd. v. Ottawa Rapidz*, 686 F. Supp. 2d 579, 588 (M.D.N.C. 2010).

- In a tort and contract case by a remediation company over unpaid invoices, the primary issue was the plaintiff's goal of receiving compensation for the work it performed. *Ryan Envtl., Inc. v. Hess Oil Co.*, 718 F. Supp. 2d 719, 728 (N.D.W. Va. 2010).

In light of these authorities, the primary issue here is whether Defendants have breached various documents or acted tortiously by refusing to repay Plaintiffs for financing of a golf course. This framing accurately summarizes the heart of Plaintiffs' claims. Their "principal purpose for filing [this] suit," *Palisades*, 552 F.3d at 337, is to achieve to receive recompense in some form—such as payment, or possession and control of the encumbered property (or both)— for what Plaintiffs believe to be the City's wrongful refusal to appropriate funds. (*E.g.*, Complaint ¶¶ 43–47, 60–64, 68–69, 71, 76, 88, 92, 97, 101, 108, 119, 131–35).

Next, the Court must align the Trustees with respect to this issue. The Trustees are best understood as being adverse to Plaintiffs' purpose. The claims and relief they desire would upset the *status quo* in a way would largely oust (or at least diminish) the Trustees' usual role. For instance, by filing their lawsuit, Plaintiffs seek to have this Court decide whether the terms of the deeds of trust were breached, a determination which would ordinarily be left to the Trustees. (*See* Complaint ¶¶ 60, 62–63). Under § 4.4 of the deeds of trust, the Trustees have the power to adjudge whether the deeds of trust are satisfied and, if not, to: foreclose on the properties; repair and maintain them; and "manage and operate" them in order to make the payments Plaintiffs allege are owed. Yet Plaintiffs' lawsuit effectively asks the Court to assume the Trustees' role. (*E.g.*, Complaint ¶¶ 71 (seeking permission "to enter, take, possess and operate," as well as "the right to foreclose upon," the relevant property), 90–92, 99–101 (asserting alleged breaches entitle Plaintiffs to "immediate payment" and "possession of the property pledged")).

Similarly, § 4.5 of the deeds of trust grants the Trustees power to act as receivers. This places the Trustees at odds with Plaintiffs' request for appointment of a receiver. (Complaint ¶ 132). Indeed, because Plaintiffs assert they already have "an ownership stake in the subject

property which has vested in view of the express language of" the deeds of trust, *id.* ¶ 135, Plaintiffs seek to displace the Trustees as current legal titleholders to the properties.

The Fourth Circuit endorses the consideration of a case's "practicalities" when aligning the parties. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 134 (4th Cir. 1995); *see Beaufort Cty. Sch. Dist. v. United Nat. Ins. Co.*, 519 F. Supp. 2d 609, 616 (D.S.C. 2007). Practically speaking, the Court believes that the interests of Plaintiffs, as framed by the primary issue in this case, are adverse to the Trustees' role and interests that exist absent this lawsuit.

This conclusion is further supported by the fact that the Trustees were involved—as attorneys for the City—in drafting the agreements at issue in this case. (Dkt. 37-1 at ECF 8). Their then-firm, LeClair Ryan, was in fact Defendants' outside counsel handling the transactions, and also provided opinion letters that Plaintiffs allege were part of Defendants' purportedly fraudulent activity. This relationship would present numerous practical difficulties were the Trustees aligned as plaintiffs, such as potential conflicts of interests and attorney-client privilege. *See* Va. R. Prof. Conduct 1.6, 1.9(c). Moreover, when there is an indication that a necessary third-party was involved with a defendant's acts that form part of the basis of the dispute, the Fourth Circuit has suggested the third-party should be aligned with the defendant. *See Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 n.4 (4th Cir. 1992) (concluding, in case to dissolve partnership, that third-party should be aligned as defendant where named defendant had purported—prior to litigation—to substitute the third-party as a limited partner for plaintiff).

\* \* \*

For the foregoing reasons, Defendants' Rule 12(b)(7) motion will be denied. Because the Trustees are necessary parties whose alignment as defendants would not destroy the Court's

jurisdiction, they will be added to this case. Plaintiffs will be ordered to serve—on or before seven days from the date of this opinion, and in accordance with the Federal Rules of Civil Procedure—the Trustees with a copy of the Complaint, this opinion, and the Court's prior opinion holding that the Trustees are necessary parties. Upon service, the responsive deadlines of the Federal Rules of Civil Procedure will apply to the Trustees, who may submit a responsive pleading, indicate that they join Defendants' now-ripe motion to dismiss for failure to state a claim, or file any other proper motion or pleading. The Court will then decide Defendants' pending Rule 12(b)(6) motion.

An appropriate order will issue. The Clerk of Court is requested to send a copy of this opinion and the accompanying order to counsel of record.

Entered this 19th day of December, 2017.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE